

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

JOSEPH BENTON AVERY HUTCHESON,
 Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS,
 Defendant.

Case No.: 8:26-cv-662-JLB-SPF

---

# COMPLAINT FOR INJUNCTIVE RELIEF

(Privacy Act of 1974 — 5 U.S.C. § 552a)

Plaintiff Joseph Benton Avery Hutcheson ("Plaintiff"), proceeding pro se, sues Defendant Department of Veterans Affairs ("VA" or "Defendant"), and alleges as follows:

---

## I. NATURE OF THE ACTION

1. This is a civil action under the Privacy Act of 1974, **5 U.S.C. § 552a**, seeking **injunctive relief** to correct, amend, or appropriately annotate VA medical records maintained by the Veterans Health Administration ("VHA") that are inaccurate, incomplete, and unfair for use in determinations about Plaintiff.

2. Plaintiff submitted amendment requests to the James A. Haley Veterans' Hospital and Clinics ("Tampa VAMC"), appealed denials to the VA Office of General Counsel ("OGC"), and received final agency decisions denying amendment. See, e.g., **Exhibits 1–8**.

IFP

3. The disputed records have been used, and are likely to continue to be used, in determinations affecting Plaintiff's rights and interests, including determinations related to medical documentation, employment-related disability matters, and other federal administrative proceedings.

4. Plaintiff seeks relief because the VA has refused to correct or fairly annotate disputed records despite the Privacy Act's requirement that agencies maintain records used for determinations with sufficient **accuracy, relevance, timeliness, and completeness** as is reasonably necessary to assure fairness.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under **5 U.S.C. § 552a(g)(1)(A)** and **§ 552a(g)(1)(C)**, and under **28 U.S.C. § 1331**.

6. This Court has authority to grant injunctive relief under **5 U.S.C. § 552a(g)(2)(A)**.

7. Venue is proper in this District under **5 U.S.C. § 552a(g)(5)** because Plaintiff resides in this District and the disputed records are maintained and used by the Tampa VAMC located in Tampa, Florida.

## III. PARTIES

8. Plaintiff is **Joseph Benton Avery Hutcheson**, a veteran of the United States Armed Forces, residing in Apollo Beach, Florida.

9. Defendant is the **United States Department of Veterans Affairs**, an agency of the United States government, which maintains the disputed records through VHA and its medical record systems.

## IV. STATUTORY FRAMEWORK

10. The Privacy Act provides that an individual may request amendment of a record maintained by an agency. 5 U.S.C. § 552a(d)(2).

11. The Privacy Act requires an agency to maintain records used in making determinations about an individual with such **accuracy, relevance, timeliness, and completeness** as is reasonably necessary to assure fairness. 5 U.S.C. § 552a(e)(5).

12. If an agency refuses to amend a record after proper request and exhaustion of administrative remedies, the individual may bring a civil action in federal district court. 5 U.S.C. § 552a(g)(1)(A).

13. The Court may order the agency to amend the record. 5 U.S.C. § 552a(g)(2)(A).

## V. FACTUAL ALLEGATIONS

### A. Plaintiff Submitted Amendment Requests to Tampa VAMC

14. Plaintiff submitted written amendment requests seeking correction of multiple VA medical records authored by VHA staff at Tampa VAMC.

15. Tampa VAMC denied Plaintiff's amendment requests by letters dated **August 29, 2025**, relying primarily on the authors' assertions that the notes were "accurate in [their] current form." See **Exhibits 9–13**.

16. The VAMC denials relied on provider statements that were conclusory and did not resolve the Privacy Act fairness standard. See, e.g., **Exhibits 9–13**.

### B. Plaintiff Appealed to OGC and Exhausted Administrative Remedies

17. Plaintiff timely appealed the VAMC denials to OGC pursuant to the Privacy Act and VA regulations. See **Exhibits 14–18**.

18. Plaintiff's appeals identified disputed statements and requested specific corrections, including correction of material omissions and mischaracterizations

of intent. See **Exhibits 14–18**.

### C. OGC Issued Final Agency Decisions (Final Agency Action)

19. OGC issued final agency decisions dated **February 2–3, 2026**, denying Plaintiff's appeals in OGC Case Nos. **178041** and **178717**, and partially granting Plaintiff's appeal in OGC Case No. **178227**. See **Exhibits 1–7**.

20. Each final decision states it is the final decision of the Department of Veterans Affairs and provides notice of Plaintiff's right to file a civil action in U.S. District Court. See **Exhibits 1–8**.

21. The OGC final decisions repeatedly rely on conclusory statements that the disputed records "reasonably reflect the events that transpired" and that the Privacy Act fairness standard has been met, without identifying Plaintiff's disputed claims with specificity. See, e.g., **Exhibits 1–4, 6–7**.

### D. The Disputed Notes Are Used for Determinations and Create Ongoing Harm

22. The disputed records are maintained in VA systems of records and are used in determinations about Plaintiff.

23. The disputed records affect, and are likely to continue to affect, determinations concerning Plaintiff's medical documentation, credibility, and disability-related administrative processes.

24. The continued maintenance and disclosure of inaccurate and incomplete records creates ongoing harm and risk of future harm, including prejudice in administrative and legal proceedings.

## VI. DISPUTED RECORDS (SUBJECT OF FINAL AGENCY DECISIONS)

25. Plaintiff disputes the following records, each of which is the subject of final agency action:

**OGC Case No. 178041 (Final Decisions dated February 2, 2026)**

a. October 25, 2022 Ambulatory Care Telephone Note — Audrey Vigh, RN (**Exhibits 4 and 9**)
b. June 29, 2024 Ambulatory Care Telephone Note — Charla S. Rhym, RN (**Exhibits 2 and 12**)
c. June 13, 2024 Psychology Initial Evaluation — Trecia-Ann Yapp (**Exhibits 3 and 11**)
d. January 23, 2025 MH Administration Note — Trecia-Ann Yapp (**Exhibits 1 and 13**)

**OGC Case No. 178227 (Final Decision dated February 2, 2026)**

e. April 1, 2024 PCC Behavioral Health Consult Note — Nathalie Garza, PsyD (**Exhibit 5**)

**OGC Case No. 178717 (Final Decisions dated February 2–3, 2026)**

f. April 19, 2024 Ambulatory Care Telephone Note — Charla Rhym, RN (**Exhibit 6**)
g. February 13, 2025 HAS Contract Note — Trecia Yapp, Psy.D. (**Exhibit 7**)

---

## VII. CLAIMS FOR RELIEF

### COUNT I — REFUSAL TO AMEND RECORDS

### 5 U.S.C. § 552a(d)(2), § 552a(g)(1)(A), and § 552a(g)(2)(A)

26. Plaintiff incorporates paragraphs 1 through 25.

27. Plaintiff submitted amendment requests under 5 U.S.C. § 552a(d)(2).

28. VA refused to amend the records.

29. Plaintiff exhausted administrative remedies and received final agency decisions. See **Exhibits 1–8, 14–18**.

30. VA's refusal to amend is unlawful because the disputed records are inaccurate, incomplete, and unfair for use in determinations about Plaintiff.

31. Plaintiff is entitled to injunctive relief ordering VA to amend the disputed records, or in the alternative, to appropriately annotate the disputed records so that Plaintiff's disagreement is permanently attached and disclosed with the records.

## COUNT II — FAILURE TO MAINTAIN RECORDS WITH ACCURACY AND COMPLETENESS TO ASSURE FAIRNESS

## 5 U.S.C. § 552a(e)(5) and § 552a(g)(1)(C)

32. Plaintiff incorporates paragraphs 1 through 31.

33. The VA has failed to maintain records used in determinations about Plaintiff with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness.

34. VA's failure is ongoing.

35. Plaintiff is entitled to injunctive relief requiring VA to bring the disputed records into compliance with the Privacy Act.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Declare that VA's refusal to amend the disputed records violates the Privacy Act;

C. Order VA to amend the disputed records to correct inaccurate and incomplete statements, or alternatively, order VA to annotate the disputed records with Plaintiff's Statement of Disagreement and ensure that such statement is disclosed with any future authorized disclosures;

D. Order VA to take such steps as necessary to ensure the corrected and/or annotated records are properly indexed and maintained in VA medical record systems;

E. Award Plaintiff costs as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff does not demand a jury trial because this action seeks primarily injunctive relief.

## X. SIGNATURE

Respectfully submitted,



**Joseph Benton Avery Hutcheson**
7662 Nottinghill Sky Drive
Apollo Beach, FL 33572
Telephone: (808)228-4929
Email: hutchland@hotmail.com

Plaintiff, Pro Se